Good morning. Hang on just a second, wait until everybody gets set up. It's nice to know you're eager to argue. Absolutely. I'm all the way from Havermont, Montana. Okay, I think we're all set now. When you're ready. Good morning, my name is Jeremy Yellen. It's my honor to be here and it's also my honor to represent Gayle Patrick. I would like to reserve five minutes if I may. Okay. I think Judge Rawlinson used the word that it does not fit this case, which is the word nuance. This is not a nuanced issue with relation to the search warrant application in my estimation. And I hope that this panel will agree. There were two search warrants that were issued initially, and one was deemed not well taken by Judge Haddon. But the other one should have also been deemed not well taken because all the computer technician did was say that he saw what he believed to be child porn, and then on the next page say that he estimated they were below the age of 16. There was absolutely no corroboration of any type in any way, shape, or form by law enforcement whatsoever. That runs contrary to two non-circuit cases, Bateshell and Smith. In both of those cases, there was definitely, definitely corroboration, be it other law enforcement, be it additional individuals. In the case of Bateshell, it was the two sisters who came in, and then a cop verified what was believed to be child porn. And with the Smith case, there was a postal inspector and also a pediatrician. Here, there was absolutely no basis for the finding that there was probable cause. And what Judge Haddon did, instead of go down that road as we asserted, as Mr. Patrick asserted, he said that, well, it wasn't based on hearsay, the statements, which of course it was. Well, no, he said that what the person doing the computer repair said is not hearsay because he was directly quoted. It wasn't the computer repair person said, one of my technicians worked on the computer and told me there were very young girls depicted. That would be hearsay. Well, in my view, it's the officer who did the affidavit, and so he's relying upon the hearsay statement of Mr. Scheffelmeyer. That's the computer guy. But that said, if I'm in error on that point, notwithstanding that, the Smith case, excuse me, the Bishop case, talks about basis of knowledge and reliability. Very young girls in sexual acts, some were fully undressed. Why is that not enough? Because none of the cases from the Ninth Circuit have found that that's enough. They've disturbed the Ninth Circuit that I've seen. What about United States v. Hill? I don't think that's a Ninth Circuit case, if I'm mistaken, Your Honor. I think it is. 459, 5th, 3rd, 966. With regard to Hill. 2006. In that case, the informant provided specific detail as to what the pictures depicted. That is a Ninth Circuit case. Yes, I'm sorry, I'm sorry. The computer technician who provided the information upon which the warrant affidavit was based. And in that case, Your Honor, in my view, there was much more specific detail. I think that when we look at the teaching of Bishop, there's got to be some. Tell me what the specificity was in Hill that you think is lacking here. I'm just relying on my reply brief. I don't have the specifics. I know what I said in my reply brief, and I apologize for that, Your Honor. But if I can say, if I can say that the court went on to say, Judge Haddon went on to say, that Mr. Scheffelmeyer gave a statement against interest. And he went on to say that the reason it was a statement against interest was because if he had lied, he'd be subject to some sort of charge. What I try to assert is that what if he made a mistake? What if he wasn't lying? Because if he makes a mistake, then there are no criminal repercussions, and yet all we're doing is relying upon the say-so of one person without any verification, without any reliability of any shape or form. The other point that I'd like to make is that in this case, Judge Haddon went on to say that Mr. Scheffelmeyer was reliable. He was trustworthy. But there was nothing within the four corners of the affidavit that put that forward. In fact, the officers, Phillips County, Malta, is a very small community. They knew Mr. Patrick. They knew he was an upstanding citizen. They, Deputy Miller, Sheriff Miller actually grew up with his daughter, had fished there. And so Mr. Patrick is well-known there. No mention of the fact that he was an upstanding citizen, just like there was no mention of any reliability from Mr. Scheffelmeyer. So I think Mr. Rahm was an attorney. Many of these people are upstanding citizens, but they look at child pornography. It may be difficult for communities to accept that, but that's a reality. And Mr. Scheffelmeyer is a computer technician. His business is not narking on people who bring their computers to him and guessing. That's what makes him reliable, is he's not a criminal. He's not diverting attention from himself. He has an economic basis to not turn in a customer who's paying him to do something. And so that's what Judge Haddon meant by he's reliable in the sense that he's not a criminal or he's not anonymous. You don't need to have the same kind of information in the four corners of the warrant when you're dealing with an identified citizen informant, especially one who has this unique access to the computer and describes seeing very young girls and sexual acts. Mr. Scheffelmeyer definitely did not want to be involved here. He testified, and I know that for a fact. But the point is, what is law enforcement's duty? Do we just have somebody say something and there's no verification whatsoever? And I want to bring up the case that was just cited by the government that I got faxed a couple days ago, because I think that case really underlies our argument, which is that even in that case where they talk about even an unnamed, without a license plate type of fellow who informs, there was a vehicle that law enforcement actually saw that almost hit a law enforcement vehicle driving erratically. They pull aside and they look nervous. So there, again, there's something else. And that is the point that I'm trying to bring home, is that there's something else. I'm trying to understand your argument as sympathetically, to your point of view as I can. In your view, what is potentially unreliable about the computer technician? Not that he was operating on the computer. Not that he saw the images. The only point on which I think he's potentially unreliable is his judgment as to the age of the subjects in the pictures. Is that right? Or is there something else about which he's unreliable? Well, I think that he says that there's sexual activity. You would assume that an adult would know what sexual activity is. And then he says he estimates that below the age of 16. I think 16 is significant because in Montana the age of consent is 16. I think that's why they discuss that. But they're estimating even. And so where is law enforcement doing something to find out what is going on? There's not even, hey, Mr. Sheffield. I think you're answering my question, but I want to make sure. So your argument is that he's not sufficiently expert to determine the age of these, it's almost always going to be girls, I assume it's girls, it might be boys, of these children. Is that the argument? Yes, there's no evidence of reliability in that fashion. But, of course, ordinary adults can recognize if a kid is six years old, no question about what that person is less than 16. It may be hard to distinguish between 15 and 16, but between genuinely young. Right, and there's no discussion about how young. The 16 is the dividing line here, definitely. If I can, I think I have about a minute and a half before I want to sit. Okay. I think that sufficiency of the evidence is another argument that the court hears a lot about in a lot of cases. But I think that in this case, we have a strong sufficiency of the evidence argument because even the government's Jimmy Wegg, their expert, testified that only Grandpa Patrick or someone who logged on as Grandpa Patrick with the password could have been responsible for these images. And there was no evidence in court presented as to who Grandpa Patrick was. And there certainly was evidence that there were three other users. And so we believe, and I think Judge Haddon actually was considering it, and I think when we stipulated to the ownership of the computer that Judge Haddon use that as a basis because in thinking how he was emphasizing his words, it sounded like that was the major thing. But just because you own the computer doesn't mean that you knowingly possessed it. And so we believe that in this case, on the facts of this case, the sufficiency of the evidence was very weak. And then finally, you folks know that Gail Patrick is sitting in jail for nine years and absolutely no criminal record. And I understand the notion of an attorney or whoever else who might be respecting the community, but he also was deemed a low risk to re-offend and amenable to treatment in the community. And I think age 71 at the time of sentence. Absolutely, and a maximum of 10. Okay, let's hear from the government and you'll save some time. Good morning, Your Honors. May it please the Court. My name is Mi-Young Park, and I represent the appellee United States in this case. I'm a trial attorney from the Child Exploitation and Obscenity Section in Washington, D.C. Now, counsel for appellant has indicated that there were two search warrants for which when the court found that there was no probable cause, actually this case involved three search warrants. The first two, one was for the laptop, the second was for the e-machine. The laptop search warrant was found to have insufficient probable cause, and that laptop was suppressed, so the e-machine then becomes the one at issue. The second search warrant was for the contents of the e-machine, and prior to any search of that computer being done, this search warrant was submitted to the court and found to have sufficient probable cause. In that particular search warrant, there was a description that the children in the images found by Mr. Scheffermeyer appeared to be less than 16 years old, sexually oriented. But he also put another description in, which was that certain images depict the girls as age 13 or less engaged in sexual activities with older males. In addition to those descriptions, the affidavit contained information that Mr. Scheffermeyer claimed that all the alleged child pornography was contained in a password-protected computer user account under Grandpa Patrick, and that Patrick also volunteered that he was aware of these images. So that's the basis for the second search warrant, before the search was actually conducted of the computer at hand. And there's no Ninth Circuit case that has held that corroboration is needed for purposes of describing images for probable cause in a warrant. I think it's a case-by-case situation in determination. And what the lower court did, the district court in this case, did was that it employed a clear and convincing evidence standard, although it recognized it's only held to a preponderance of the evidence. And using that standard, and I think it's demonstrative that Judge Haddon in this case was pretty wise about what he determined was probable cause, because he actually did suppress one of the computers, found that there was just insufficient probable cause. And what the court did in this case was he found that Mr. Scheffermeyer was a reliable source of information. And in making that determination of reliability, he noted that Mr. Scheffermeyer was known, that is, he was not anonymous. And as the courts are aware of the cases in Battershell where the court found the deformant was reliable, in part because he was not anonymous. And once again, once you're not anonymous, the possible repercussions become an issue. And another case which I just recently cited in a 28-J letter was that an in-person tip is inherently reliable because there's not anonymity, as well as the demeanor of the particular informant could be seen. The court also found that Scheffermeyer had a penal interest to be truthful, because this was a business that he had. And he also had first-hand knowledge of the child pornographic images, and the court really, in its findings of fact, really emphasized the fact of this first-hand knowledge that Mr. Scheffermeyer also described these images, and also that he admitted that the appellant admitted to having these images on the computer. And under the clear, excuse me, based on the totality of the circumstances, the court made a determination that there was sufficient probable cause to underline both the second search warrant, by the second search warrant I mean the contents for the imaging computer, as well as the first search warrant in this case. Counsel? Yes. Do you agree with opposing counsel's observation that Hill concerned a different type of case and a more detailed description from the computer technician? Well, I think what it is is a case-by-case determination, because the facts of every case is different. And in Hill, the officer described in the- Oh, is it your position that we don't get any guidance from prior cases? We just start afresh with each case? No. No, no, no. I believe the other cases do provide guidance, and I believe that Hill does provide guidance to this court to determine that probable cause determination. And I believe that United States v. Hill is actually beneficial to the government. The court there found that, you know, the court there made a practical common-sense decision and found that the magistrate court had employed that in determining that there was probable cause based on the images, description of the images contained in the search warrant affidavit. What's your response to opposing counsel's position that the description in Hill was more thorough and therefore lends support to his argument that the description here was not detailed enough to support the search warrant? Well, I do believe that the Hill description was more detailed, but that does not necessarily mean that the description contained in this particular case were not detailed. And I think it's important- But they weren't detailed. I mean, not only were they not detailed by comparison to Hill, they weren't detailed. By any definition, there was no detail. What's important to note, though, is that this particular search warrant, it contained a definition of what child pornography was as a second paragraph of both the search warrant application. And I think that's important because it directs the person to understand what child pornography is and explains to the person reading the affidavit as to this is what constitutes child pornography. And I believe that- But that's just a statutory definition. The question is, what did the computer technician see? And we get precious little detail as to what the computer technician saw. And by comparison to Hill, I mean, it's quite striking. I'll do image number two. Color picture of two females, white, approximately seven to nine years old, dirty blonde hair, standing on the beach during the daytime, the females facing the camera, wearing only a robe, open pubic area, undeveloped breasts. I mean, there's nothing like that. I understand, Your Honor. Although the ages are approximated by the computer technician in this case. And what I'm trying to argue- They really aren't. They just say under X years. And the second warrant had the 12 or 13 years as to some of the girls. But I think what's important is that even though Hill was definitely more detailed, it did not say that a search warrant, in order to have probable cause for child pornography, had to reach this level of detail. And I think that's what it is, is that the government's contention is that this detail and the totality of the circumstances was that the district court did not clearly err in determining that there was probable cause. And I think it's especially noted that this involves a computer technician because- where it was more of a general description by a computer technician. And there the court found that computer technicians, in some way, more than the average person, have a higher understanding of what child pornography is. Why is that true? Because they deal with computers all the time. They're more likely to run into these type of images. I'm just saying that this is what that particular court found. And United States v. Hurt, even this court has acknowledged that an ordinary person can determine that someone is under the age of 16. I did want to be very candid with this court. And in the interest of full disclosure, I did not find a Ninth Circuit case that dealt specifically with just a computer technician only, even though we have other bases of probable cause in this case, including the defendant's omissions. But I did find an unpublished case, United States v. Harned, 182 F3D 928, that neither the defense nor the government cited. I just found this yesterday. Is that a Ninth Circuit case? It is. What year is it? 1999. Well, that's- you can't cite that. It was actually- I don't think it's favorable to the government, but I just wanted to be very candid to the court. I would prefer if this court did not consider it, but I wanted to be candid. And that involved a computer employee, not a technician. But I did try to search for computer technicians where the Ninth Circuit only relied on the computer technician statement. I couldn't find that, so that's why I had to turn to other circuits. And United States v. Grant, which I think the facts and the descriptions are most similar to here. But once again, I want to remind this court that there was more than just that, especially before the search was conducted. And I think it shows a level of particular carefulness that a second search warrant was actually requested and granted before an actual computer search was conducted in this case. And in that search warrant, the court did consider that defendant made admissions to the child pornography and that they were under the Grandpa Patrick user account, and that user account was password protected. And based on the totality of the circumstances, the district court made the determination. And once again, the government's position is that district court did not clearly err in determining that there was probable cause to support the search warrants. To address the sufficiency of the evidence, and I'm sure that the court is very aware of the standard of review for the sufficiency of the evidence. Yeah, we're particularly aware of it right now. But I think this court knows that it's whether any rational trial fact could have found that the essential elements of the crime was proven beyond a reasonable doubt, and the evidence has to be viewed in the light most favorable to the government. I think the appellant's position is that the government didn't specifically, I guess, put Patrick as being Grandpa Patrick, but somehow that throws out all the evidence. But the jurors are, I guess, rational triers of fact, and they could make that determination based on the evidence that was presented in this case, that there was only one user account that had Grandpa Patrick, that that user account was password protected. And it was also an administrator account. And what's important about being an administrator is that an administrator has access to all the other user accounts, but all the other users don't have access to that particular account. Ms. Park, could you get to the sentencing before we run out of time? Sure. Did Judge Haddon consider the 3553 factors here, or did he just mention them? He actually, it was either he considered the 3553A factors, he considered all those factors, and actually he decided to sentence the appellant in this case to the lower end of the guideline range based on those factors. So I think it was actually favorable to the appellant. Well, nine years instead of ten years is pretty hollow favorability. Why not depart downward if the person is a first offender, has no prior contact with the police, his sexual offender evaluation said he was honest and passed the polygraph, that he never had any hands-on contact with children. He seems to be a perfect candidate for community-based treatment, doesn't he? Well, this was a decision for the court to make, and what's interesting was that I actually found another decision that a case that Judge Haddon had was involved in possession, and he gave that particular defendant ten years. So I believe he actually went down to nine years because of the particular factors of this particular appellate. I'm not sure that ten-year case helps you much, meaning the argument is that a particular judge may have an unusually harsh view as to sentencing, and the fact that he did one ten-year and one nine-year, that's not quite where the argument's lying. I see. Well, I think one thing that we have to look at is, once again, the standard of review and whether the sentence imposed was unreasonable. And the courts have found that the so long as the district court, sentencing courts consider the 3553A factors as well as the guidelines and recognizes that their advisory and not mandatory, that their sentence is considered to be not unreasonable. And I believe there's also a case, which I cited in my brief, indicating that when a sentence falls within a guideline range, it's presumptively reasonable. And I think what's notable about Judge Haddon is that in Excerpts of Record 640, he specifically finds that the guideline range is advisory and not required on him. It's not binding on the court, and he doesn't have to fix a sentence within that guideline range. Ms. Park, district court judges may be slow, but they are educable, and we have learned to mouth the right words about we considered the guidelines and we considered the 3553 factors and we determined the guidelines. But there's a difference between saying it and actually dealing with it. And my question to you is, where is the evidence that Judge Haddon actually considered departing downward for some of these reasons rather than just going from 120 months to 108 months? Sure. I do note that in the Excerpts of Record 641, the court specifically took into consideration the positive components of the appellant's history and characteristics, as well as the nature and circumstances of this offense. And the judge also took into consideration the seriousness of offense in ER 641 through 42. I hope that answers your question. But the court specifically took into those considerations and decided that it was appropriate sentence to sentence the defendant in this case to be nine years. Thank you. If there are no further questions. I have one question that's unrelated to this case, and that's why are you here arguing this case rather than someone from the U.S. Attorney's Office in Montana? Actually, the trial attorney on this case was in Iraq at the time that the appeal was put forth. And we help out some of the smaller U.S. Attorney's Offices in the country. And this was then a request from the U.S. Attorney's Office in Montana that someone from DOJ do it?  Yes, it was, Your Honor. And I was actually new to the office, and I wanted to have a better understanding of the issue. Is this one more way that the U.S. Attorney's Office in Montana saves on travel costs? I can't speak for DOJ. You don't know the history of that. We're delighted to have you here. We're very happy to have you, yes. I did not mean that as an expression of we are unwelcome. Quite the opposite. Okay. Thank you, Your Honor. Thank you. It's actually probably cheaper to fly from D.C. to Seattle. That may be right. And I should tell you that the trial counsel actually wound up being here today. Mr. Lahr is right there. He tried the case with me, but he didn't even know it was on the docket. We were kidding about it before. I wanted to just point out a couple of things that I thought would be important for the Court to hopefully remember. And that is that even in Illinois v. Gates, the U.S. Supreme Court talked about conclusory statements and just mere ratification. And that's what we think has happened here. And I think the panel asked some pointed questions getting to the heart of that issue. The other thing that I wanted to make clear is there were three search warrants, but what happened was after the justice of the peace has limited jurisdiction, number one. Number two, which is kind of a really nuanced issue, which I don't know the answer to. But the other part of it was that they got a search. The first two search warrants were just to get the item. And then the third one was to actually look at it in Helena. So they actually went to a Lewis and Clark County district judge. So when Mr. Wegg pointed out what Mr. Patrick said, allegedly, when they retrieved the laptop which was kicked out, the interesting point there is Judge Haddon said that they couldn't use what Mr. Patrick said at the trial when they seized the laptop, yet he used that as part of the basis to decide that this third search warrant was justified. What's wrong with that? Well, it seemed like to me I was reading it that Judge Haddon was actually suppressing the statements because Suppressing their use at trial, but not their use for obtaining a search warrant. You could use a confession of a defendant to get a search warrant. Then the confession is deemed to have violated Miranda. It doesn't mean the search warrant's invalid. Understood, understood. So when the government says that they were careful, they were careful after the fact. Once they had the items that they shouldn't have had because of the bare application. And when I saw, when I was preparing for my suppression motion in the district court, I saw a batter shell and I said, how could I not win? Frankly, that's what I thought. And of course, I was wrong. And in a trial, of course, where's the evidence that Mr. Patrick used his computer? Their own experts had anybody logging on as Grandpa Patrick and they never established that. And I was wrong there. And frankly, I knew Mr. Patrick was going to get hammered. I just knew he was going to get hammered. His daughter called me last week. What do you think they're going to do? You think they'll reduce it to two or three years? I said, what's going on for defenses? We want this court to find that that search warrant was invalid and your dad can come home. Thank you. Thank you very much. United States v. Patrick is submitted for decision. Thank you. The next case on the argument calendar is United States v. Stoltz.
judges: Lasnik, Fletcher W. , Rawlinson